**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-02083-REB-MJW

CHRISTINE SMITH, and
TODD SMITH, individually and as parents and next best friends of NICHOLAS SMITH, a minor,

      Plaintiffs,

v.

TIME INSURANCE COMPANY, f/k/a Fortis Insurance Company, a Wisconsin corp, and
KENNETH W. McCLUSKY,

      Defendants.

---

**AMENDED
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND[1]**

---

**Blackburn, J.**

The matters before me are (1) **Plaintiffs' Motion To Remand** [#14], filed September 2, 2009; and (2) **Plaintiffs' Motion for Forthwith Emergency Hearing Re: Motion To Remand** [#15], filed September 2, 2009. I deny the motion for forthwith hearing as moot and grant the motion to remand.[2]

### I. JURISDICTION

I putatively have jurisdiction over this case pursuant to 28 U.S.C. § 1332

---

[1] The Order Granting Plaintiff's Motion To Remand is amended to correct the clerical error in the caption of the case. This is Civil Action No. 09-cv-02083-REB-MJW, not 09-cv-02803-REB-MJW.

[2] Because defendant's arguments in support of removal are fully explicated in its **Notice of Removal** [#1], filed August 31, 2009, and given the imminency of the trial in state court, I exercise my discretion to resolve the motion to remand without benefit of a response from defendant. **D.C.COLO.LCivR** 7.1(C) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

(diversity of citizenship).

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one of which the district court would have had original jurisdiction.  In order to properly effectuate removal, "[a] defendant or defendants . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  The notice of removal must be filed within thirty days after service of the initial pleading.  *Id.* § 1446(b).  **See also Murphy Brothers v. Michetti Pipe Stringing, Inc.**, 526 U.S. 344, 356, 119 S.Ct. 1322, 1329-30, 143 L.Ed.2d 448 (1999) (holding that deadline for removal does not begin to run until party is formally served with process).  A defendant who does not act within this deadline waives its right to remove the action to federal court.  **See Huffman v. Saul Holdings Limited Partnership**, 194 F.3d 1072, 1077 (10th Cir. 1999).

Even if the case stated by the initial pleading is not removable, it may be removed if later developments demonstrate that federal jurisdiction exists.  Thus, "notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).  Nevertheless, when federal subject matter

jurisdiction is alleged to exist solely on the basis of diversity of citizenship, the "case may not be removed . . . more than 1 year after commencement of the action." *Id.*

### III.  ANALYSIS

This bad faith breach of insurance contract suit has been before me previously. ***See Smith v. Time Insurance Co.***, Civil Case No. 08-cv-00419-REB-BNB. Considering defendant's original removal, I remanded to the state district court on the ground that defendant failed to attach copies of "all process, pleadings, and orders served upon such defendant or defendants in such action" as required by 28 U.S.C. § 1446(a).  (***See* Order Granting Plaintiff's Motion To Remand** at 3-4 [#52], filed September 30, 2008.)  Now, less than three weeks before trial is set to commence in the state court, defendant has again removed this case.  Defendant contends that plaintiffs' response to defendant's motion for summary judgment, in which they abandoned their claims against the only non-diverse defendant, Kenneth W. McClusky, constitutes an "other paper" demonstrating that removal is now proper.[3]  Although defendant acknowledges, as it must, that this most recent removal was effectuated more than one year after commencement of the action, it argues that this deadline should be equitably tolled.  (***See* Notice of Removal** ¶¶ 23-26 at 5-8 [#1], filed August 31, 2009.)

As should be readily apparent from my order granting plaintiffs' first motion to remand, I am committed to the well-settled notion that removal statutes are to be strictly

---

[3] In the prior case, defendant maintained that there was complete diversity of citizenship and removal therefore was proper because McClusky had been fraudulently joined.  My resolution of the motion to remand on procedural grounds pretermitted consideration of that argument.

construed.  Quoting from at length from an opinion of Judge Kreiger, I noted,

> Congress has chosen to limit the scope of jurisdiction of the federal District Courts, and thus, there is a presumption against permitting these courts to exercise jurisdiction as the result of removal of cases from state court.  As a result, the Court is required to strictly construe the removal statute.
>
> . . . .
>
> . . . . [R]emoval statutes are to be "strictly construed."  If strict construction is the command, it is incumbent that the Court apply the statute strictly as written, even-or perhaps particularly-in the face of seemingly inconsequential defects. That courts on occasion have entertained defective or amended removals without complaint reflects a certain pragmatism that is difficult to criticize, but they do so by assuming that "strictly construed" does not necessarily mean "strictly construed."  Justice is best served when the law operates predictably and reliably.  Engaging in somewhat arbitrary exercises of "discretion" to avoid what might seem to be the inflexible operation of a persnickety rule undermines that predictability, and, more importantly, operates as an artificial relief valve that prevents sufficient pressure from building in opposition to the rule to force its rethinking.  If the Court should not apply the text of §1446(a) strictly as written, that command should come from the Supreme Court or the 10th Circuit, not from the fact that other District Courts have chosen not to do so.

 (**Order Granting Plaintiffs' Motion To Remand** at 3-4 [#52], filed September 30, 2008, **Smith v. Time Insurance Co.**, Civil Case No. 07-cv-00419) (quoting **Durand v. The Hartford Life & Accident Insurance Co.**, 2007 WL 1395336 at *1 (D. Colo. May 9, 2007) (citations omitted)).  In case the point was not clear, I reiterated it in rejecting defendant's invocation of a "last-served defendant" rule in an attempt to make timely its correction the defects in its removal past the 30-day statutory deadline.  (**See id.** at 5-6) ("The focus on fairness and other policy concerns on which some courts have relied in

rejecting the first-filed [sic] rule [is] inconsistent with this bedrock principle of removal jurisdiction. . . Rather, the plain language of section 1446(b) clearly suggests an intent that the forum for the lawsuit should be determined at an early stage of the litigation.") (citation omitted; alterations in original).

The language of the statute could not be plainer: "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). Although some courts have applied the principle of equitable tolling to permit removal beyond the one-year deadline, an equal number – including two district courts within the Tenth Circuit – have concluded that the statute means exactly what it says. ***See Medley v. Rag American Coal, a Delaware Corporation***, 2005 WL 2401867 at *2 & nn. 5 & 6 (D. Utah Sept. 28, 2005) (collecting cases); ***Caudill v. Ford Motor Co.***, 271 F.Supp.2d 1324, 1327 (N.D. Okla. 2003) (same).[4] I fall squarely in the latter camp. As Judge Stewart stated so succinctly in **Medley,**

> Section 1446(b) is clear. As one court has stated: "The statute says what it says." Under that provision, a case may not be removed on the basis of diversity jurisdiction more than one year after the action was commenced. It is for Congress, not this Court, to create an equitable exception to Section 1446(b).

**Medley**, 2005 WL 2401867 at *2 (footnote and citation omitted).

I am not the first to frankly acknowledge that strict adherence to the deadlines imposed by section 1446(b) may well invite instances of "tactical chicanery" such as defendant accuses plaintiffs of engaging in here. ***See*** David D. Siegel, **Commentary**

---

[4] The Tenth Circuit has not yet addressed the issue.

**on 1988 Revision of Section 1446**, 28 U.S.C.A. § 1446 (West 2006).  To the extent such maneuvering and manipulation may occur, these are risks that Congress apparently has found acceptable over the last 21 years.  The federal courts remain courts of limited jurisdiction, and defendant's right to remove and plaintiffs' right to choose their forum are not on equal footing.  Strict construction of section 1446(b) prevents me from recognizing an equitable tolling exception to the one-year deadline on removal based on diversity of citizenship.[5]

For these reasons, I find and conclude that plaintiffs' motion to remand must be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiffs' Motion To Remand** [#14], filed September 2, 2009, is **GRANTED**;

2. That **Plaintiffs' Motion for Forthwith Emergency Hearing Re:  Motion To Remand** [#15], filed September 2, 2009, is **DENIED AS MOOT**; and

3. That this case is **REMANDED** to the District Court of Denver County, Colorado (where it was filed as Case No. 07CV12372).

Dated September 3, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[5] Even if I were inclined to consider an equitable exception to the removal statute, it is not clear that defendant would be entitled to the benefit of such an exception in any event.  A party who seeks equity must do equity, and it strikes me that a defendant who removes on the eve of trial is in a tenuous position with respect to that bedrock principle.